UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM A. FLEMING, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:14-CV-1513 CEJ |
| | ) | |
| JEFF NORMAN, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM

This matter is before the Court on petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

In May 2008, petitioner was charged with two counts of domestic assault in the second degree. *Missouri v. Fleming*, No. 08D7-CR00864-01 (St. Francois County). Petitioner pled guilty to the charges, and on July, 31, 2008, the trial court sentenced him to seven years' imprisonment. However, the court suspended the execution of the sentence ("SES") and placed petitioner on probation. Petitioner did not file a direct appeal of the SES.[1] In March 2013, the trial court found that petitioner had violated the conditions of his probation and ordered that it be suspended. On April 12, 2013, the court revoked petitioner's probation and sentenced him to seven years' imprisonment. On October 9, 2013, petitioner filed a Rule 24.035 motion for post-conviction relief challenging the 2008 conviction. *Fleming v. Missouri*, No. 13SF-CC00208

---

[1] Under Missouri law an SES is an entry of judgment, because the sentence has been assessed and only the act of executing the sentence has been suspended. *See Missouri v. Nelson,* 9 S.W.3d 687, 688 (Mo. Ct. App. 1999). The time for filing a direct appeal of the judgment expired ten days after the judgment was entered. *Id.*; Mo. Sup. Ct. R. 30.01(d). As a result, petitioner's judgment became final on about August 10, 2008. Because petitioner did not file an appeal or motion for post-conviction relief within the one-year period, the limitations period for filing a federal habeas petition expired on August 10, 2009.

(St. Francois County). The court appointed counsel for petitioner, and the petition is currently pending. *Id.*

On January 22, 2014, petitioner filed an application for writ of habeas corpus in this Court, pursuant to 28 U.S.C. § 2254. *See Fleming v. Norman*, 4:14CV118 CEJ (E.D.Mo.). After reviewing the petition, the Court ordered petitioner to show cause why his application for habeas corpus should not be dismissed as time-barred. Petitioner failed to respond to the order, and on March 17, 2014, his case was dismissed as untimely. *Id.* In the instant petition, petitioner argues that: (1) the May 2008 warrant for his arrest violated the Double Jeopardy Clause; (2) he was arrested in 2008 without probable cause; (3) his 2008 trial counsel was ineffective; (4) his 2008 sentence violated the Eighth Amendment; and (5) he was deprived of due process because the Information included two counts although there was only one incident.

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief. To the extent that petitioner seeks to relitigate claims that he brought in his original petition, those claims must be denied pursuant to 28 U.S.C. § 2244(b)(1). To the extent that petitioner seeks to bring new claims for habeas relief, petitioner must obtain leave from the United States Court of Appeals for the Eighth Circuit before he can bring those claims in this Court. 28 U.S.C. § 2244(b)(3)(A). Petitioner has not been granted leave to file a successive habeas petition in this Court. Therefore, the petitioner's application for a writ of habeas corpus will be dismissed. A separate Order of Dismissal will accompany this Memorandum.

Dated this 8th day of September, 2014.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE